1 | ROBERT R. RONNE, ESQ. (SBN 092884)
LAW OFFICE OF ROBERT R. RONNE, APC
2 | 840 Apollo Street, Suite 307
El Segundo, California 90245
3 | Telephone: (310) 322-1696
Facsimile: (310) 322-3039
4 | E-mail: rrr55@sbcglobal.net

5 | DENNIS W. RIHN, ESQ. (SBN 126233)
ATTORNEY AT LAW
6 | 215 North Marengo Avenue, Suite 376
Pasadena, CA 91101
7 | Telephone:  (818) 265-0525
Facsimile :   (626) 396-1555
8 | E-mail: D.Rihn@Att.Net

9 | Attorneys for Plaintiff Dante Cagayan

10

```
FILED

FEB 19 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk
```

11 |                UNITED STATES BANKRUPTCY COURT

12 |                 CENTRAL DISTRICT OF CALIFORNIA

13 |                     LOS ANGELES DIVISION

14

15 | In re:                          )   CASE NO. 2:09 BK-37256-BR
                                     )
16 | JUAN VELASQUEZ AND NEOME )   CHAPTER 7
     VELASQUEZ,                      )
17 |                                 )   ADV. NO. 2:09-AP-03562-BR
            Debtors                  )
18 |                                 )   MEMORANDUM OF POINTS AND
     _____    )   AUTHORITIES IN OPPOSITION TO
19 |                                 )   MOTION TO DISMISS
     DANTE CAGAYAN,                  )
20 |                                 )   DATE: MARCH 9, 2010
            Plaintiff,               )   TIME: 2:00 P.M.
21 |                                 )   COURTROOM: 1668
            vs.                      )
22 |                                 )
     JUAN VELASQUEZ and NEOME )
23 | VELASQUEZ,                      )
                                     )
24 |        Defendants.              )
     _____    )
25

26

27

28

                                      1

1    TO THE COURT AND ALL INTERESTED PARTIES:

2        Plaintiff hereby respectfully opposes Defendants' motion to dismiss.  Pursuant to

3    Local Rule 9013-1, Defendants are advised that "any reply to the opposition must be

4    filed with the court and served on the opposing party not later than 7 days prior to the

5    hearing on the motion."

6

7    DATED: February 18, 2010          LAW OFFICE OF DENNIS W. RIHN

8

9    _____

10                           BY: DENNIS W. RIHN, ATTORNEY
                             FOR PLAINTIFF DANTE CAGAYAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Opposition to Motion to Dismiss

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Before filing a Chapter 7 bankruptcy case, Debtors were sued in several cases by employees claiming unpaid minimum wage and overtime compensation.

While those cases were being litigated, Debtors obtained loans which effectively leached the equity from 11 parcels of real estate they owned in Palos Verdes. Specifically:

- ▸    In 2006, Debtors obtained at least $2,852,000.00 in loans which encumbered the properties.

- ▸    In 2007, Debtors obtained at least $6,989,000.00 loans which encumbered properties.

During the same time period, Debtors formed numerous limited liability companies to which the equity-depleted real properties were deeded without consideration.

In this action, during the meeting of creditors, Debtors confessed they failed to document the disposition of millions of dollars of loan proceeds obtained which were not used to pay existing loans.  In addition, during the meeting of creditors, the Debtors could not explain the disposition of millions of dollars of loan proceeds.  Accordingly, a discharge in this case should properly be denied.

### II.    SUMMARY OF FACTUAL ALLEGATIONS

Debtors argue that no facts have been alleged which would justify the denial of discharge. An examination of the complaint refutes the argument.  Plaintiff has alleged (among other facts) the following preliminary allegations:

- ▸    The specific dates Debtors obtained loans in specific amounts which encumbered specific properties in Palos Verdes.  (See Complaint, paragraphs 4, 5, 6, 7, 13 15, 18 & 19.)

- ▸    The specific dates Debtors filed articles of organization for 8 limited

liability companies reflecting 8 of the real properties they owned. (See Complaint, paragraph 8.)

- ▸ The specific dates Debtors transferred specific real properties to specific newly formed limited liability companies without consideration. (See Complaint, paragraphs 9, 10, 11, 12, 14, 16 & 17.)

- ▸ The limited liability companies to which Debtors transferred properties were formed "for the purpose of protecting assets from legitimate claims of creditors." (See Compliant, paragraph 8.)

- ▸ The schedules filed with the Debtors Chapter 7 petition "failed to explain the loss of millions of dollars borrowed by the Defendants as alleged above, the loss of the corporate business operations of Defendants, or the loss of multiple real estate holdings of Defendants." (Complaint, paragraph 21.)

- ▸ On November 6, 2009, at a meeting of creditors, "Debtor Juan Velasquez admitted that Defendants actually received multiple millions of dollars from the loans alleged above which were not used to pay existing loans and that Defendants lacked records sufficient to show the disposition of more than a million dollars of such loan proceeds received by Defendants." (See Complaint, paragraph 22.)

- ▸ Defendants have failed to maintain adequate financial records. As a result, it is impossible to determine with any accuracy their income, expenses, financial condition, or business transactions. (Complaint, paragraph 23.)

- ▸ Defendants have failed to explain satisfactorily the loss of assets, including but not limited to cash, real estate holdings and corporate business operations." (See Complaint, paragraph 24.)

Each of those facts is incorporated by reference into the first and second causes of action, which do appropriately track the language of the applicable statutes as follows:

- ▸ "Defendants, without satisfactory justification under the circumstances,

4

1    have concealed, destroyed, mutilated, falsified, or failed to keep or preserve

2    recorded information, including books, documents, records, and papers,

3    from which the financial condition and business transactions of Defendants

4    might be ascertained. Accordingly, Defendants/Debtors are not entitled to

5    a discharge pursuant to 11 U.S.C. §727(a)(3)." (See Complaint, paragraphs

6    25 & 26.)

7    ▸    Defendants, and each of them, have failed to explain satisfactorily the loss

8    of assets, and the deficiency of assets to meet their liabilities. Accordingly,

9    Defendants/Debtors are not entitled to a discharge pursuant to 11 U.S.C.

10    §727(a)(5)." (See Complaint, paragraphs 27 & 28.)

11    As explained below, such allegations are more than adequate to state valid claims.

12    III.    **PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO ESTABLISH THE**

13    **CLAIMS ASSERTED.**

14    Pursuant to 11 U.S.C. § 727, a discharge may be denied if either of the following

15    applies:

16    ▸    The debtors "concealed, destroyed, mutilated, falsified, or failed to keep or

17    preserve any recorded information, including books, documents, records,

18    and papers, from which the debtors financial condition or business

19    transactions might be ascertained, unless such act or failure to act was

20    justified under all of the circumstances of the case." (See 11 U.S.C. §

21    727(a)(3).)

22    ▸    The debtors "failed to explain satisfactorily, before determination of denial

23    of discharge under this paragraph, any loss of assets or deficiency of assets

24    to meet the debtors liabilities." " (See 11 U.S.C. § 727(a)(5).)

25    To plead claims based upon those provisions, only a "short and plain statement"

26    is required. Rule 8(a) of the Federal Rules of Civil Procedure, which applies in

27    adversary proceedings pursuant to Rule 7008 of the Federal Rules of Bankruptcy

28

5

1  Procedure, provides:

2      "A pleading that states a claim for relief must contain:

3      (1)    a short and plain statement of the grounds for the courts jurisdiction, unless

4             the court already has jurisdiction and the claim needs no new jurisdictional

5             support;

6      (2)    a short and plain statement of the claim showing that the pleader is entitled

7             to relief; and

8      (3)    a demand for the relief sought, which may include relief in the alternative

9             or different types of relief."

10     As explained above, Plaintiff has alleged numerous facts (not simply conclusions

11  in the language of the statute) sufficient to establish a claim under both § 727(a)(3) and

12  § 727(a)(5). Specifically, Plaintiff has alleged facts which establish that:

13     ▸    Defendants had multiple, specifically identified, real estate holdings. (See

14          Complaint, paragraphs 4-19.)

15     ▸    Defendants siphoned multiple millions of equity from such properties by

16          obtaining loan proceeds in specifically identified amounts on specifically

17          identified dates. (See Complaint, paragraphs 4-7 & 13, 15, 18 & 19.)

18     ▸    Defendants' bankruptcy schedules fail to explain the loss of multiple

19          millions of dollars of loan proceeds obtained by such loans. (See

20          Complaint, paragraph 21.)

21     ▸    Defendants admitted during a meeting of creditors that they cannot account

22          for millions of dollars obtained from the loans alleged in the complaint.

23          (See Complaint, paragraph 22.)

24     ▸    Defendants admitted during a meeting of creditors they lack records

25          sufficient to show the disposition of millions of dollars of loan proceeds

26          obtained by such loans. (See Complaint, paragraph 22.)

27     Contrary to the arguments made by defense counsel, Plaintiff's factual allegations

28

6

1 │ are precisely the facts which would justify the denial of discharge. In *In re Caneva*, 550

2 │ F.3d 755 (9th Cir. 2008), the debtor conceded he had failed to keep records regarding a

3 │ $500,000 payment made to a third party. The trial court granted summary judgment

4 │ denying discharge pursuant to § 727(a)(3). Affirming, the Ninth Circuit concluded:

5 │ "[The debtor's] failure to provide an explanation for the lack of records regarding

6 │ the $500,000 payment to Bowden is even more egregious. The transfer of a half

7 │ million dollars is the kind of transaction for which most business entities would

8 │ preserve some record. Caneva has not offered any hypothesis, much less pointed

9 │ out a genuine issue of material fact, the answer to which justify his failure to keep

10 │ a record of the transaction." *Id.* at 763.

11 │ In reaching its decision, the Ninth Circuit explained:

12 │ "[T]he purpose of § 727(a)(3) is to make discharge dependent on the debtor's true

13 │ presentation of his financial affairs. [Citation] The disclosure requirement removes

14 │ the risk to creditors of 'the withholding or concealment of assets by the bankrupt

15 │ under the cover of a chaotic or incomplete set of books or records. [Citation] The

16 │ statute does not require absolute completeness in making or keeping records.

17 │ [Citation] Rather, the debtor must 'present sufficient written evidence which will

18 │ enable his creditors reasonably to ascertain his present financial condition and to

19 │ follow his business transactions for a reasonable period in the past.'" *Id.* at 761.

20 │ Finally, the Ninth Circuit stressed:

21 │ "Without the records that [the debtor] admitted he did not keep, Sun cannot

22 │ determine what assets his business entities held or may still hold, what assets

23 │ passed through them and where they might have gone, and what their present

24 │ value is, if anything. Without any documentation related to the payment to

25 │ Bowden, Sun cannot determine the details of that transaction or verify that it

26 │ actually took place." *Id.* at 762.

27 │ Plaintiff's factual allegations place this case squarely within the ambit of non-

28 │

7

1   dischargeability. Indeed, the amounts transferred by the Debtors in this case (for which

2   this is no documentation) vastly exceed dollar amount deemed egregious and sufficient

3   to deny a discharge in *Caneva*. Accordingly, Plaintiff has amply alleged a valid claim

4   which could not properly be dismissed.

5       The cases cited by Defendants are readily distinguishable, and indeed, require the

6   denial of the motion to dismiss in this case. For example, in *In re Englander*, 92 B.R.

7   425 (BAP 9th Cir. 1988), a lender's complaint to deny discharge on the basis of fraud

8   alleged generally that the debtors supplied "verbal and/or written information stating an

9   inflated or inaccurate value of the collateral pledged for the loans." The bankruptcy

10  court dismissed the complaint. Reversing, the Bankruptcy Appellate Panel explained:

11      "The appellant's allegations that the misrepresentations arose specifically out of

12      'information stating an inflated or inaccurate value of the collateral pledged for

13      the loans' is sufficiently specific, when viewed in the context of the entire

14      complaint, to allow the debtor to defend against the charge. Such a ruling avoids

15      the harsh penalty of dismissal and at the same time recognizes the more liberal

16      approach to pleading fraud in bankruptcy cases because of the short time frame

17      in which such complaints must be filed." *Id.* at 428.

18      Plaintiff's factual allegations are substantially more numerous and specific than

19  those in *Englander*. Accordingly, the complaint in this action is more than adequate.

20      Similarly, in *In re Yadidi*, 274 B.R. 843 (BAP 9th Cir. 2002), the only allegation

21  regarding the failure to maintain records "parroted" the statutory language of § 727(a)(3).

22  Nevertheless, during the trial, the debtor admitted (among other things) that he had no

23  records of "multiple refinances" of real estate involving $200,000.00. The bankruptcy

24  court denied discharge pursuant to Section 105 of the Bankruptcy Code based upon its

25  determination that a valid claim had not been alleged pursuant to § 727(a)(3). Reversing,

26  the Bankruptcy Appellate Panel held that the bankruptcy court erred in relying upon

27  Section 105 to deny discharge because it was not necessary to do so. The Court

28

Opposition to Motion to Dismiss

1  explained:

2      "To the extent the complaint may have been deficient, the defects were easily

3      cured by application of settled rules of procedure.  The court reasoned from the

4      false premise that 'a complaint deficient on its face is insufficient to sustain a

5      denial of discharge' in this circuit.  This is not an accurate statement of federal

6      procedures rules or of our prior decisions." *Id.* at 848.

7      The Bankruptcy Appellate Panel concluded:

8      "In short, our decisions do not preclude judgment on a complaint that is defective

9      solely because it quotes substantive Bankruptcy Code provisions without alleging

10     additional fact." *Id.* at 851.

11     Finally, in *In re Kubick*, 171 B.R. 658 (BAP 9th Cir. 1994), the Federal Deposit

12 Insurance Corporation filed a complaint objecting to discharge, but alleged *no* facts.

13 Because the debtor failed to respond to the complaint, the bankruptcy court entered a

14 default judgment.  The Bankruptcy Appellate Panel vacated the default judgment, but

15 emphasized that judgment based upon the complaint might be appropriate:

16     "We do not hold that a default cannot be entered on the FDIC complaint.  We hold

17     only that the court must exercise its informed discretion, since the complaint is not

18     pled sufficient to withstand a motion to dismiss." *Id.* at 662.

19     In reaching its decision, the Bankruptcy Appellate Panel explained:

20     "Although it is not necessary at the pleading stage to 'plead evidentiary detail,'

21     [citation], *facts must be alleged sufficiently to apprise the defendant of the*

22     *complaint against him*, and a claim that is 'merely repetitive of the statutory

23     language . . . fails to state a cause of action.'" *Id.* at 660.  [Emphasis added.]

24     The complaint in this case is not remotely comparable to the factually devoid

25 complaint in *Kubick*.  In this case, Plaintiff has alleged very specific facts regarding the

26 loan proceeds for which Defendants cannot account.  As a result, in this case, Defendants

27 have been apprised very clearly that the claims are based upon the failure to

28

Opposition to Motion to Dismiss

1    acknowledge and explain the disposition of millions of dollars of loan proceeds and the

2    corresponding failure to preserve documents showing the disposition of those funds.

3    IV.    **EVEN IF PLAINTIFF'S COMPLAINT WERE NOT SUFFICIENT, LEAVE**

4         **TO FILE AN AMENDED PLEADING WOULD BE REQUIRED**.

5         In *In re Kubick*, 171 B.R. 658 (BAP 9th Cir. 1994), the Appellate Panel noted:

6    "The above cases uniformly hold that the plaintiff should be permitted to amend

7    the complaint under Rule 15 if no bad faith or undue burden to the defendant is

8    shown. Amendment of an insufficient complaint is predicated on the standard that

9    a motion to dismiss should be granted unless it appears beyond a doubt that a

10   plaintiff can prove no set of facts in support of his claim which would entitle him

11   to relief." *Id.* at 660.

12        Likewise, in *In re Yadidi* (9th Cir. 2002), the Bankruptcy Appellate Panel stressed:

13   "[A] complaint objecting to discharge that merely recites statutory language is

14   deficient but cannot be dismissed without an opportunity to amend unless there

15   is bad faith or undue prejudice." *Id.* at 850.

16   V.    **CONCLUSION**

17        What happened to millions of dollars of loan proceeds obtained by Defendants in

18   advance of the bankruptcy petition? Plaintiff has alleged facts showing that Defendants

19   cannot answer that basic question. In the absence of a credible answer supported by

20   appropriate documentation, it will be impossible to ascertain the Debtors' true financial

21   condition. Under such facts, a discharge would not be appropriate. The motion to

22   dismiss should be denied.

23

24   DATED: February 18, 2010            LAW OFFICE OF DENNIS W. RIHN

25                         D.W.R.

26

27                         BY: DENNIS W. RIHN, ATTORNEY
                          FOR PLAINTIFF DANTE CAGAYAN

28

Opposition to Motion to Dismiss

| In re: Juan Velasquez and Neome Velasquez | CHAPTER: 7 |
| Cagayan v. Juan & Neome Velasquez, Case # 2:09-ap-03562-BR | |
| Debtor(s). | CASE NUMBER: 2:09-bk-37256-BR |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
215 North Marengo Avenue, Suite 376, Pasadena, CA 91101

A true and correct copy of the foregoing document described as <u>MEMORANDUM OF POINTS AND AUTHORITIES IN</u> <u>OPPOSITION TO MOTION TO DISMISS</u>_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On <u>2/19/10</u>_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
See attached service list.

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>2/19/10</u>_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
Hon. Barry Russel
Judge of the United States Bankruptcy Court
255 E. Temple Street, Courtroom 1668
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/19/10 | DENNIS W. RIHN | |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

| In re: Juan Velasquez and Neome velasquez<br>Cagayan v. Juan & Neome Velasquez, Case # 2:09-ap-03562-BR<br>Debtor(s). | CHAPTER: 7<br><br>CASE NUMBER: 2:09-bk-37256-BR |
|---|---|

**ADDITIONAL SERVICE INFORMATION (if needed):**

ATTORNEYS FOR DEBTORS/DEFENDANTS
Eve A. Marsella, Esq.
Clarkson, Gore & Marsella
3424 Carson Street
Suite 350
Torrance, CA 90503

CHAPTER 7 TRUSTEE
Heide Kurtz
2515 S. Western Avenue #11
San Pedro, CA 90732

UNITED STATES TRUSTEE
United States Trustee's Office
725 S Figueroa Street
26th Floor
Los Angeles, CA 90017

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1